UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------x
                                            :
VICTOR MANCE,                              :
                       Petitioner,           :          01 Civ. 11394 (PAC) (RLE)
                                            :          OPINION & ORDER
             - against -                    :
                                            :
BRIAN S. FISCHER, et al.,             :
                      Respondents.         :
-----------------------------------x

            HONORABLE PAUL A. CROTTY, United States District Judge:

            Pro se Petitioner Victor Mance ("Mance") petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for robbery in the second degree in New York State Supreme Court, Bronx County on three grounds: (1) the trial court failed to determine if the jury employed the correct standard for reasonable doubt; (2) the trial court allowed allegedly prejudicial photographs to be admitted as evidence; and (3) he was denied effective assistance of counsel.

            Judge Richard C. Casey referred the petition to Magistrate Judge Ronald L. Ellis, who issued his Report and Recommendation ("R&R") on February 27, 2006, recommending that the Court deny Mance's petition for writ of habeas corpus after finding no merit in the Mance's claims. On March 8, 2006, Mance filed timely objections to all portions of the R&R. This case was reassigned to this Court on July 12, 2007. Having reviewed Mance's submission, the Court agrees with Magistrate Judge Ellis's findings, and accordingly denies Mance's petition for a writ of habeas corpus.

**DISCUSSION**

**I.  Consideration of a Report and Recommendation**

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When a timely objection has been made to the magistrate judge's recommendations, the court is required to review the contested portions de novo. Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991).

**II.  Relevant Facts[1]**

During Mance's trial for two counts of attempted murder, robbery in the first and second degrees, and assault in the second degree, the prosecution presented evidence that Mance attacked and injured William Fleming ("Fleming"), the owner of East End Sanitation Corporation in the Bronx, and removed $2,700 to $3,000 from the company's payroll funds.  Mance denied the allegations, maintaining that he went to the company to inquire about a job opportunity and was subjected to racial epithets and derogatory remarks by Fleming.  It is undisputed that Mance ultimately fled the grounds and was shot several times by Fleming's son Andrew with an unregistered gun.  Fleming and his son both testified, and photographs illustrating Fleming's alleged injuries were admitted as evidence to corroborate their testimony.  Andrew Fleming also testified on direct and cross examination regarding an agreement with the prosecution in exchange for his testimony, under which he had been assured that he would not have a criminal record in connection with his use of an unregistered weapon to shoot Mance.

---

[1] The following facts are drawn from the R&R.

2

At the conclusion of the parties' cases, the trial court charged the jury that "It's up to you to decide who is and who is not an interested witness or disinterested witness and what effect, if any, that may have upon the testimony of that witness. That's solely a jury question." R&R, 11 (citing Trial Transcript, 629). Mance's counsel objected to the charge, "arguing that the general instruction did not properly inform the jury that all witnesses could be considered interested." Id. The jury found Mance not guilty on both counts of attempted murder, but returned a guilty verdict for robbery in the second degree. Before returning a verdict on the remaining counts, the jury requested a clarification of the reasonable doubt standard. The trial court ruled that the original definition had been clear, and reread the original instruction. Mance was then acquitted on the remaining counts.

### III. Habeas Corpus Standard of Review

The Court may grant a writ of habeas corpus, pursuant to 28 U.S.C. § 2254(d), if one of two conditions is satisfied: "the state court adjudication (1) resulted in a decision that was contrary to clearly established federal law, as determined by the Supreme Court of the United States, or (2) involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States." Williams v. Taylor, 529 U.S. 362, 412 (2000). The Court will only review state court evidentiary errors for "substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 637 (1993). In addition, the Court may not consider a habeas petition unless the petitioner has exhausted all state judicial remedies. See 28 U.S.C. § 2254(b)(1)(A). In the interests of comity and federalism, the petitioner must "first have given the state courts a fair opportunity to pass

upon his federalism claim." Daye v. Attorney Gen. of N.Y., 696 F.2d 186, 191 (2d Cir. 1982). When reviewing a mixed habeas petition with exhausted and unexhausted claims, the Court may deny all claims if they have no merit. See 28 U.S.C. § 2254(b)(2).

## IV. The Reasonable Doubt Instruction

As an initial matter, it is undisputed that Mance's challenge based on the trial court's failure to determine if the jury applied the proper reasonable doubt standard was not exhausted in state court. Mance requests a stay, pursuant to Zarvela v. Artuz, 254 F.3d 374, 380-82 (2d Cir. 2001), in order to exhaust his claim. While Mance asserts that his claim is potentially meritorious, he has made no such showing. The Court "would abuse its discretion if it were to grant [Mance] a stay when his unexhausted claims are plainly meritless." Rhines v. Weber, 544 U.S. 269 (2005). Accordingly, Mance's request for a stay is denied.

Mance argues that the jury did not comprehend the original reasonable doubt instruction, as shown by its request for a supplemental definition of reasonable doubt. He does not contest that the original instruction was clear and understandable. The trial court has discretion in determining an appropriate answer to a jury question, so long as the answer does not deprive the defendant of a constitutional right. See McShall v. Henderson, 526 F. Supp. 158, 161 (S.D.N.Y. 1981). Moreover, "a trial court's failure to define reasonable doubt cannot, standing alone, constitute reversible error." United States v. Desimone, 119 F.3d 217, 227 (2d. Cir. 1997). Mance's assertions fail to demonstrate a "substantial or injurious effect" on the jury's verdict, Brecht, 507 U.S. at 637, or that the alleged error "so infected the entire proceeding as to rise to the level of a due process violation." Cupp v. Naughten, 414 U.S. 141, 147 (1973); see Blazic v.

4

Henderson, 900 F.2d 534, 541 (2d Cir. 1990). The Court therefore rejects Mance's challenge based on the reasonable doubt instruction provided to the jury.

## V. Admission of Photographic Evidence

"Under New York law, the trial judge has broad discretion in determining the admissibility of photographs." Rivera v. Scully, 1993 WL 454209, at *4 (S.D.N.Y. 1993). Mance argues that the trial court committed an error in allowing the introduction of photographic evidence of alleged physical injuries sustained by Fleming in the altercation with the Mance. Mance asserts that no mention was made of any such injuries in his complaint to the police at the time of the incident, and so the introduction of such evidence was prejudicial and inappropriate. The absence of Fleming's injuries in the police report goes to the weight of the evidence, however, not to its admissibility. As Mance and Fleming gave conflicting testimony regarding whether Mance injured Fleming, photographs showing that Fleming had been injured were plainly probative, and the trial court did not abuse its discretion in allowing the photographs to be admitted.

Even assuming the trial judge erred, Mance does not show that the admission of the photographs deprived him of a fair trial or due process. See Taylor v. Curry, 708 F.2d 886, 891 (2d Cir. 1993). The introduction of allegedly prejudicial exhibits does not justify a finding of a constitutional violation "absent a substantial and injurious effect or influence in determining the probable verdict." Medina v. Artuz, 872 F. Supp. 1258, 1261 (S.D.N.Y. 1995). There is no indication of such an effect or influence here, and so the admission of the photographs cannot support Mance's petition.

## VI. Ineffective Assistance of Counsel

Mance asserts that his counsel committed multiple errors which could

have altered the outcome of the trial.  He claims that trial counsel: (1) did not locate Ron Hopkins ("Hopkins"), a witness who could allegedly corroborate Mance's trial testimony; (2) did not request an interested witness charge for Fleming's son, Andrew; and (3) did not object to the trial judge's rereading of the original reasonable doubt instructions.

In order to prevail on a claim for ineffective assistance of counsel, Mance must show that: (1) counsel's errors were so serious that he was not functioning as counsel as guaranteed by the Sixth Amendment; and (2) his deficient performance deprived Mance of a fair trial whose result is reliable.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  There is a strong presumption that counsel's conduct met the standard of reasonable professional assistance, Strickland, 466 U.S. at 689, and his strategic decisions may not be second-guessed.  See United States v. Aguirre, 912 F.2d 555, 560 (2d Cir. 1990).  The Court must consider all of the circumstances at the time the alleged error occurred, Strickland, 466 U.S. at 688-89, while Mance must demonstrate that his attorney's performance was "objectively unreasonable under professional standards prevailing at the time." Grady v. Artuz, 931 F. Supp. 1048, 1061 (S.D.N.Y. 1996).

**A. Counsel's Failure to Call Hopkins as a Witness**

Mance argues that his trial counsel failed to locate Hopkins and to call him as a witness.  He asserts that counsel's failure to present Hopkins' testimony so undermined the proper function of the adversarial process that the result cannot be relied upon as being just, citing Strickland.  Counsel's decisions regarding the use of witnesses are, however, "matters of trial strategy and thus do not form the basis for a finding of

ineffective assistance." Trapnell v. United States, 725 F.2d 149, 155 (2d Cir. 1983). A decision regarding the presentation of witnesses – "even ones that might offer exculpatory evidence – is ordinarily not viewed as a lapse in professional representation." United States v. Schmidt, 105 F.3d 82, 90 (2d Cir. 1997). Additionally, Mance has not "demonstrated that this additional evidence would have made it reasonably likely the jury would have reached a different result." Id.

**B. Counsel's Failure to Request an Interested Witness Charge**

Mance alleges that his counsel should have requested a specific interested witness charge regarding Andrew Fleming. If a witness receives a benefit in exchange for testimony, the trial court should instruct the jury that the witness' "testimony should be scrutinized carefully and a determination made as to whether any benefit he received affected the truthfulness of his testimony." People v. Jackson, 74 N.Y.2d 787, 790 (1989). At Mance's trial, the judge charged the jury only that they could decide what witnesses had an interest and what effect that should have on the weight of their testimony. A court examining the sufficiency of an interested witness charge, however, may consider whether the testimony of witnesses and the treatment of witnesses during opening statements, cross-examination, and summation, as well as the charge itself, "was sufficient to convey the need to scrutinize [the interested witness'] testimony with care." People v. Inniss, 83 N.Y.2d 653, 659 (1994).

Here, the jury was plainly made aware of Andrew Fleming's interest in the outcome of the trial. The prosecutor revealed both that Andrew Fleming had shot Mance with an unlicensed gun and that he had an agreement with the prosecution, and the witness himself revealed that he was assured he would not have a criminal record if he

testified. Additionally, Mance's counsel cross-examined the witness on this question and referred to it during both his opening statement and his summation. It is therefore highly questionable whether the charge constituted error. Certainly Mance has not shown that the charge affected the fundamental fairness of his trial. See Deluca v. Lord, 77 F.3d 578, 584 (2d Cir. 1996). In addition, though counsel did not specifically request a charge naming Andrew Fleming as an interested witness, he objected to the charge the trial court actually gave as insufficient. In light of this objection and his extensive attacks upon Fleming's credibility, counsel's actions were within the standards of reasonable professional conduct.

**3. Counsel's Failure to Object to Re-reading the Reasonable Doubt Instruction**

Mance argues that his trial counsel failed to object when the court reread the original reasonable doubt instruction, rather than asking the jury to explain what it found to be unclear. Yet Mance does not dispute that the original instruction was clear and understandable, and when a jury requests clarification of the reasonable doubt standard, the trial court is free to recharge the jury without consulting counsel. See United States v. Turbide, 558 F.2d 1053, 1063-64 (2d Cir. 1977). Moreover, as with his other claims, Mance has not demonstrated that the trial counsel's alleged error "so infected the entire proceeding" as to create a due process violation. Cupp, 414 U.S. at 147. His claim of ineffective assistance of counsel is therefore without merit.

## CONCLUSION

For the foregoing reasons, Mance's writ of habeas corpus is DENIED. As Mance has not made a substantial showing of a denial of a federal right, appellate review is not warranted. See 28 U.S.C. § 2253(c)(2). Pursuant to 28 U.S.C. § 1915(a)(3), I also

find that any appeal from this order would not be taken in good faith. The Clerk of the Court is directed to close out this case.

Dated: New York, New York
August 22, 2007

SO ORDERED

*[signature]*

PAUL A. CROTTY
United States District Judge

Copies Mailed To:

Honorable Ronald L. Ellis, U.S.M.J

Victor Mance
(#97-A-5925)
Arthur Kill Correctional Facility
2911 Arthur Kill Rd.
Staten Island, N.Y 10309

Nisha M. Desai
Assistant District Attorney
851 Grand Concourse
Bronx, NY 10461